United States District Court
Southern District of Texas

**ENTERED**

December 30, 2016

David J. Bradley, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| LESTER ANTHONY MCPHERSON, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | |
| | § | |
| BANK OF AMERICA, N.A.; THE BANK | § | |
| OF NEW YORK MELLON as Trustee | § | |
| for the CWABS, INC., ASSET- | § | CIVIL ACTION NO. H-16-3498 |
| BACKED CERTIFICATES, SERIES | § | |
| 2006-24 TRUST; CWABS, INC.; | § | |
| SPECIALIZED LOAN SERVICING, | § | |
| LLC; and MORTGAGE ELECTRONIC | § | |
| REGISTRATION SYSTEMS, INC. | § | |
| (a/k/a) MERS, | § | |
| | § | |
| Defendants. | § | |

## MEMORANDUM OPINION AND ORDER

Plaintiff, Lester Anthony McPherson, filed this action in the 152nd Judicial District Court of Harris County, Texas, against Defendants Bank of America, N.A. ("BANA"); The Bank of New York Mellon as Trustee for the CWABS, Inc., Asset-Backed Certificates, Series 2006-24 ("BNY"); CWABS, Inc. ("CWABS"); Specialized Loan Servicing, LLC ("SLS"); and Mortgage Electronic Registration Systems, Inc. (collectively, "Defendants"). Defendants removed the action to this court. Pending before the court is Defendants' Motion to Dismiss Plaintiff's Complaint with Incorporated

Memorandum of Law (the "Motion to Dismiss") (Docket Entry No. 3).[1] For the reasons stated below, the Motion to Dismiss will be granted.

## I.   Factual and Procedural Background

Plaintiff alleges that in 2006 he obtained a loan from America's Wholesale Lender, a predecessor to BANA, secured by his principal residence (the "Property"). In 2009 Plaintiff defaulted on the loan. SLS, as mortgage servicer, filed an expedited foreclosure action in February of 2015, and a default order permitting foreclosure sale was issued on June 25, 2015. On September 1, 2015, BNY acquired the Property at foreclosure sale.

On the eve of the foreclosure sale Plaintiff filed suit against Defendants in Harris County District Court asserting claims identical to those in the petition currently before this court.[2] Defendants removed the Prior Suit to this court.[3] Defendants moved to dismiss under Rule 12(b)(6), and the court granted the motion, dismissing "all of the plaintiff's claims against all of the

---

[1]Per Local Rules 7.3 and 7.4, because Plaintiff has not responded to Defendants' Motion to Dismiss by the submission day, the motion is treated as unopposed. But failure to oppose the motion is not in itself grounds for granting the motion. Servicios Azucareros de Venezuela, C.A. v. John Deere Thibodeaux, Inc., 702 F.3d 794, 806 (5th Cir. 2012). The court must assess the legal sufficiency of the complaint to determine whether dismissal is warranted. Id. Accordingly, the merits of the Motion to Dismiss are discussed below.

[2]See State Court Documents, Exhibit A to Notice of Removal in Civil Action No. H-16-0663, styled McPherson v. Bank of America N.A. ("McPherson I" or the "Prior Suit"), Docket Entry No. 1-1.

[3]Notice of Removal in McPherson I, Docket Entry No. 1.

defendants" with prejudice.[4]  Defendants now move to dismiss this action for Plaintiff's failure to state a claim on the basis that the doctrine of res judicata precludes relitigation of the same claims or causes of action.[5]

## II.   Standard of Review

### A.   Rule 12(b)(6)

A Rule 12(b)(6) motion tests the formal sufficiency of the pleadings and is "appropriate when a defendant attacks the complaint because it fails to state a legally cognizable claim." Ramming v. United States, 281 F.3d 158, 161 (5th Cir. 2001), cert. denied sub nom. Cloud v. United States, 122 S. Ct. 2665 (2002). "[I]f as a matter of law it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations, . . . a claim must be dismissed."  Neitzke v. Williams, 109 S. Ct. 1827, 1832 (1989) (internal quotation marks and citation omitted).  The court generally is not to look beyond the pleadings in deciding a motion to dismiss.  Spivey v. Robertson, 197 F.3d 772, 774 (5th Cir. 1999).  But "courts may also consider matters of which they may take judicial notice." Lovelace v. Software Spectrum Inc., 78 F.3d 1015, 1017-18 (5th Cir. 1996).

---

[4]Amended Order Granting Motion to Dismiss in McPherson I, Docket Entry No. 11.

[5]Defendants offer additional arguments, many of them raised in the Prior Suit, but since the doctrine of res judicata bars further litigation, the court does not address those arguments.

B.    Res Judicata

Res judicata, or claim preclusion, "bars the litigation of claims that either have been litigated or should have been raised in an earlier suit."   Test Masters Educational Services, Inc. v. Singh, 428 F.3d 559, 571 (5th Cir. 2005), cert. denied, 126 S. Ct. 1662 (2006) (citations omitted).   "The preclusive effect of a prior federal court judgment is controlled by federal res judicata rules."   Ellis v. Amex Life Insurance Co., 211 F.3d 935, 937 (5th Cir. 2000) (citations omitted).

> The general principle announced in numerous cases is that
> a right, question, or fact distinctly put in issue, and
> directly determined by a court of competent jurisdiction,
> as  a  ground  of  recovery,  cannot  be  disputed  in  a
> subsequent suit between the same parties or their privies
> . . . .  This general rule is demanded by the very object
> for which civil courts have been established, which is to
> secure the peace and repose of society by the settlement
> of  matters  capable  of  judicial  determination.    Its
> enforcement is essential to the maintenance of social
> order; for the aid of judicial tribunals would not be
> invoked for the vindication of rights of person and
> property if, as between parties and their privies,
> conclusiveness did not attend the judgments of such
> tribunals in respect of all matters properly put in
> issue, and actually determined by them.

Southern Pacific Railroad Co. v. United States, 18 S. Ct. 18, 27 (1897).   "Res judicata is appropriate if:   1) the parties to both actions are identical (or at least in privity); 2) the judgment in the first action is rendered by a court of competent jurisdiction; 3) the first action concluded with a final judgment on the merits; and 4)  the  same  claim  or  cause  of  action  is  involved  in  both suits."   Ellis, 211 F.3d at 937 (citation omitted).

"[G]enerally a res judicata contention cannot be brought in a motion to dismiss; it must be pleaded as an affirmative defense." Test Masters, 428 F.3d at 570 n.2 (5th Cir. 2005). But dismissal may be appropriate if a successful affirmative defense appears based on the facts pleaded and judicially noticed. Hall v. Hodgkins, 305 F. App'x 224, 227-28 (5th Cir. 2008) (citing Kansa Reinsurance Company, Ltd. v. Congressional Mortgage Corporation of Texas, 20 F.3d 1362, 1366 (5th Cir. 1994)). Because the court can make its determination based upon only the pleadings and judicially noticeable facts and filings from McPherson I, a decision under Rule 12(b)(6) is appropriate.

### III. Application

The court takes judicial notice of the pleadings and orders in McPherson I. Both the parties[6] and causes of action[7] asserted in McPherson I are identical to those in the present action. The court must therefore determine whether the previous court had jurisdiction and rendered a final judgment on the merits.

### A. Judgment by a Court of Competent Jurisdiction

Federal courts are courts of limited jurisdiction with "only the authority endowed by the Constitution and that conferred by

---

[6]Compare Plaintiff's First Amended Petition in McPherson I, Docket Entry No. 1-1, pp. 40-42 to Plaintiff's First Amended Petition, Docket Entry No. 1-1, pp. 69-70.

[7]Compare Plaintiff's First Amended Petition in McPherson I, Docket Entry No. 1-1, pp. 72-90 to Plaintiff's First Amended Petition, Docket Entry No. 1-1, pp. 104-22.

Congress."   Save the Bay, Inc. v. United States Army, 639 F.2d 1100, 1102 (5th Cir. 1981).   The party asserting federal subject-matter jurisdiction bears the burden of proving that this requirement has been met.   B., Inc. v. Miller Brewing Co., 663 F.2d 545, 549 (5th Cir. 1981).

In McPherson I Defendants removed to federal court on the basis of diversity jurisdiction.[8]   Federal courts have original jurisdiction over civil actions where the parties are diverse and the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs.   28 U.S.C. § 1332(a).   The party asserting jurisdiction must show that both requirements are met. First, the removing party must distinctly and affirmatively allege the citizenship of the parties.   Howery v. Allstate Ins. Co., 243 F.3d 912, 919 (5th Cir. 2001).   Defendants did so in McPherson I,[9] and Plaintiff did not dispute those allegations.   The removing party must also show that the amount in controversy requirement is met.   "[W]hen the validity of a contract or a right to property is called into question in its entirety, the value of the property controls the amount in controversy."   Waller v. Professional Insurance Corp., 296 F.2d 545, 547-48 (5th Cir. 1961).   A common method of establishing the value of real property is to look to a

_____

[8]Defendants also asserted federal question jurisdiction, but since the court concludes that they met their burden to establish diversity jurisdiction, no further inquiry is necessary.

[9]Defendants' Notice of Removal in McPherson I, Docket Entry No. 1, pp. 3-6.

county appraisal district's assessment.  <u>Statin v. Deutsche Bank</u>

<u>Nat. Trust Co.</u>, 599 F. App'x 545, 546-47 (5th Cir. 2014).

Reasonable bases for valuing properties include "purchase price,

market value, or outstanding principal and interest."  <u>Farkas v.</u>

<u>GMAC Mortgage, L.L.C.</u>, 737 F.3d 338, 341 (5th Cir. 2013).  This

court considers market value to be the preferred method.  <u>See,</u>

<u>e.g.</u>, <u>Govea v. JPMorgan Chase Bank, N.A.</u>, Civil Action

No. H-10-3482, 2010 WL 5140064, at *2-4 (S.D. Tex. Dec. 10, 2010).

Defendants attached to their Notice of Removal in <u>McPherson I</u> a

Harris County Appraisal District Summary showing that the market

value of the Property at issue exceeded $75,000 as of the time of

filing.[10]   Defendants met their burden of establishing that

diversity jurisdiction existed, and the court in <u>McPherson I</u> was

therefore a court of competent jurisdiction.

**B.    Final Judgment on the Merits**

Generally, a federal court's dismissal with prejudice is a

final judgment on the merits for res judicata purposes.  <u>See Oreck</u>

<u>Direct, LLC v. Dyson, Inc.</u>, 560 F.3d 398, 401 (5th Cir. 2009)

(citing <u>Fernandez-Montes v. Allied Pilots Ass'n</u>, 987 F.2d 278, 284

n.8 (5th Cir. 1993)).  It is well established that Rule 12(b)(6)

dismissals are made on the merits.  <u>Federated Dep't. Stores, Inc.</u>

<u>v. Moitie</u>, 101 S. Ct. 2424, 2428 n.3 (1981) (citing <u>Angel v.</u>

<u>Bullington</u>, 67 S. Ct. 657, 661 (1947)).  The court in <u>McPherson I</u>

---

[10]Harris County Appraisal District Summary in <u>McPherson I</u>,
Docket Entry No. 1-2.

granted Defendants' Rule 12(b)(6) motion and dismissed the action with prejudice, thereby rendering a final judgment on the merits.[11]

## IV.   Conclusion and Order

For the reasons explained above, the court concludes that Plaintiff's claims are barred by the doctrine of res judicata. Defendants' Motion to Dismiss Plaintiff's Complaint (Docket Entry No. 3) is therefore **GRANTED**.

**SIGNED** at Houston, Texas, on this 30th day of December, 2016.

 

_____
SIM LAKE
UNITED STATES DISTRICT JUDGE

---

[11]Amended Order Granting Motion to Dismiss in McPherson I, Docket Entry No. 11.